UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LORI CHASE,

    Plaintiff,

vs.

STANDARD INSURANCE COMPANY,

    Defendant.
_____)

## **COMPLAINT**

The Plaintiff, Lori Chase ("CHASE"), by and through the undersigned counsel, hereby sues Standard Insurance Company ("STANDARD") and alleges:

### **PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. CHASE was at all times relevant a plan participant under the Jacobs

Engineering Long Term Disability Policy, Group No.: 647393 ("LTD" Plan).

3. Defendant, STANDARD, is a corporation with its principal place of business in the State of Oregon, authorized to transact and transacting business in the Southern District of Florida. STANDARD is the insurer of benefits under the Jacobs Engineering LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, STANDARD administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The STANDARD LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Jacobs Engineering under which CHASE was a participant, and pursuant to which CHASE is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, CHASE is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as CHASE remains disabled as required under the terms and conditions of the LTD plan.

5. Pursuant to the terms and conditions of the LTD Plan, CHASE is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as CHASE remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, STANDARD, is authorized to and is doing business within the Southern District of Florida; and that the de facto denial of benefits occurred within this jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. CHASE incorporates by reference all preceding paragraphs as though

fully set forth herein.

8. At all times relevant, CHASE was an employee or former employee of Jacobs Engineering and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of CHASE's employment, CHASE became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while CHASE was covered under the LTD Plan, CHASE suffered a Physical Disease rendering her disabled as defined under the terms of the LTD Plan. Due to privacy concerns details as to CHASE's medical conditions are set forth in great detail in the administrative appeal.

10. As it relates to CHASES's claim, Disability is defined by the LTD Plan to mean:

> During the Any Occupation Period you are required to be Totally Disabled from all occupations or Partially Disabled.
>
> 1) Total Disability Definition: You are Totally Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to engage with reasonable continuity in Any Occupation.
> 2) Partial Disability Definition: You are Partially Disabled if you are not Totally Disabled and you are actually working in an occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to engage with reasonable continuity in that occupation or Any Occupation.
>
> Any Occupation means all occupations or employments which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity that exists with any of the following locations: (i) a reasonable distance or travel time from your residence in light of the commuting practices of your community; or (ii) a distance or travel time equivalent to the distance or travel time you traveled to work before becoming Disabled; or (iii) the regional labor market, if you reside or resided prior to becoming Disabled in a metropolitan area.

11. Pursuant to the terms of the LTD Plan, CHASE made a claim to

STANDARD for benefits under LTD Plan with an effective date of disability of March 29, 2013.

12. Following the Elimination Period STANDARD initially approved by CHASE's claim for benefits effective September 23, 2013, based on her inability to perform the material and substantial duties of her own occupation as a Material Coordinator.

13. On December 31, 2014, STANDARD notified CHASE that it was terminating her claim for benefits as it had determined that she was not disabled under the Any Occupation definition of disability.

14. On June 15, 2015, CHASE properly appealed STANDARD's adverse determination.

15. As part of her appeal CHASE supplied STANDARD with updated medical evidence in support of her inability to perform the duties of any occupation, to include a Functional Capacity Evaluation that indicated CHASE demonstrated a Sedentary physical demand level on an occasional basis, and that she would not be eligible for full time employment.

16. CHASE also supplied STANDARD with a Vocational/Occupational Analysis that determined based upon CHASE's training, education and experience as well as her physical restrictions and limitations that CHASE would not be a candidate for employment at even a sedentary position.

17. During the appeal process CHASE was also awarded Social Security Disability benefits on May 5, 2015. Chase notified STANDARD of this award of benefits.

18. Despite the overwhelming information provided on appeal in support of

disability, STANDARD subsequently upheld its denial on CHASE's claim on appeal on July 27, 2015.

19. In denying CHASE's claim STANDARD argues for the first time that her claim for benefits was subject to limitations due to Mental Disorders, Musculoskeletal and Connective Tissue Disorders, and Chronic Fatigue Conditions, and that she had reached maximum benefit periods for said limitations.

20. CHASE has exhausted all administrative remedies.

21. STANDARD breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to CHASE at a time when STANDARD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as CHASE was disabled and unable to work and therefore entitled to benefits.

   b. After CHASE's claim was denied in whole or in part, STANDARD failed to adequately describe to CHASE any additional material or information necessary for CHASE to perfect her claim along with an explanation of why such material is or was necessary.

   c. STANDARD failed to properly and adequately investigate the merits of CHASE's disability claim and failed to provide a full and fair review of CHASE's claim.

22. CHASE believes and alleges that STANDARD wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which CHASE is presently unaware, but which may be discovered in this future litigation and which CHASE will immediately make STANDARD aware of once said acts or omissions are

discovered by CHASE.

23. As a proximate result of the aforementioned wrongful conduct of STANDARD under the LTD Plan, CHASE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

24. As a further direct and proximate result of this improper determination regarding CHASE's claims for benefits, CHASE, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CHASE is entitled to have such fees and costs paid by STANDARD.

25. The wrongful conduct of STANDARD has created uncertainty where none should exist; therefore, CHASE is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Lori Chase prays for relief against the Standard Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: September 21, 2015

                                            ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

  /s/ *Stephen F. Jessup*
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com